## Olshan Frome Wolosky LLP v Triller Fight Club LLC

2025 NY Slip Op 31449(U)

April 23, 2025

Supreme Court, New York County

Docket Number: Index No. 656434/2023

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**   **HON. ARLENE P. BLUTH**           **PART**                 **14**

*Justice*

-------------------------------------------------------------------------------X

OLSHAN FROME WOLOSKY LLP,                        | **INDEX NO.**          656434/2023

                        Plaintiff,               | **MOTION DATE**        04/21/2025

            - v -                                | **MOTION SEQ. NO.**        002

TRILLER FIGHT CLUB LLC,PROXIMA EVENT
PRODUCTIONS, LLC                                 | **DECISION + ORDER ON
                                                    MOTION**

                        Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 29, 30, 31, 32, 33,
34, 35, 36, 37, 38, 39, 40, 41

were read on this motion to/for                    CONTEMPT                        .


Plaintiff's motion is decided as described below.


**Background**

In this legal fees action, plaintiff seeks to hold defendants in civil contempt and to strike

these defendants' answer for failure to comply with discovery orders. Plaintiff points out that this

Court issued an order dated March 4, 2025 that directed defendants to produce documents by

March 19, 2025 and to produce a witness for a deposition by April 9, 2025 (NYSCEF Doc. No.

26). It claims that defendant failed to comply.


In opposition, defendants claim that they sent a letter dated April 4, 2022 asserting that

defendant Triller Fight Club LLC ("Triller") is not an active entity and has no employees. They

claim they also asked that the case against defendant Proxima Event Productions, LLC

[* 1]

("Proxima") be discontinued because the retainer and invoices were with Triller. Defendants also claimed they looked for documents in the email inboxes of Triller employees that could be located and 50 pages were produced along with the letter on April 4.

In reply, plaintiff claims that defendants have clearly refused to meaningfully participate in this action despite Court directives to do so. It points out that although some documents were produced on behalf of Triller, the opposition made no mention of any efforts expended on behalf of Proxima to produce documents. Plaintiff argues that the documents produced by Triller only relate to the retainer, billing invoices and some billing correspondence but did not include anything related to defendants' affirmative defenses asserted in their answer.

**Discussion**

The Court grants the motion only to the extent that the answer and the affirmative defenses asserted by defendants are stricken. This Court set a firm deadline of March 19, 2025 for defendants to produce documents. It is undisputed that defendants failed to do so. Instead, they waited until April 4, 2025 to send a letter demanding that the case be discontinued against defendant Proxima and that Triller was no longer an active entity. Given the Court's order, sending a letter demanding, essentially, that plaintiff give up was not a sufficient attempt to comply with the Court order. Rather, it evidences a willful defiance of this Court.

That Triller is not an active entity is not a valid reason to ignore a Court order. It is, obviously, up to plaintiff to decide how it wants to proceed should Triller actually be a dissolved entity. And, to the extent that defendants claim that Proxima was not in a business relationship

656434/2023   OLSHAN FROME WOLOSKY LLP vs. TRILLER FIGHT CLUB LLC ET AL          Page 2 of 4
   Motion No.  002

2 of 4

[* 2]

with plaintiff, defendants could have sought appropriate relief via a motion. Instead, they just ignored a Court order and sent a letter.

The Court observes that defendants belated production of a few documents, seemingly on behalf of Triller, does not compel a different outcome. The fact is that production was late and clearly not an exhaustive response; as plaintiff points out, no documents were produced relating to Triller's affirmative defenses. Moreover, defendants' opposition makes clear that this document response is only comprised of emails they could locate. The natural implication is that there may be other employees' emails that they could not find. No mention is made of any efforts to obtain these other records. In other words, this production is simply too little, too late and inadequate.

The Court concludes that striking the answer is the appropriate remedy. Although plaintiff also seeks contempt, the Court declines to grant that requested relief. In this Court's view, contempt is reserved for conduct that is patently outrageous and far exceeds the bounds of appropriate behavior in a litigation. Here, defendants ignored a Court order regarding discovery and so the most logical outcome is that their answer be stricken.

As the answers and affirmative defenses are stricken, judgment on liability is granted in favor of plaintiff. The Court directs an inquest to determine damages after the filing of a note of issue. The Court is unable to enter a specific amount based on the papers uploaded. Plaintiff is directed to contact the part clerk after filing the note of issue to schedule a date certain for this inquest.

**656434/2023   OLSHAN FROME WOLOSKY LLP vs. TRILLER FIGHT CLUB LLC ET AL**          **Page 3 of 4**
  **Motion No.  002**

[* 3]

3 of 4

Accordingly, it is hereby

ORDERED that plaintiff's motion is granted only to the extent that defendants' answer and affirmative defenses are stricken, judgment on liability is granted in favor of plaintiff and there shall be an inquest to determine the amount due to plaintiff, and plaintiff shall file a note of issue for an inquest within 7 days of this decision and then contact the part clerk to schedule the inquest.

| 4/23/2025 | | | | | |
|-----------|---|---|---|---|---|
| **DATE** | | | | ARLENE P. BLUTH, J.S.C. | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

656434/2023   OLSHAN FROME WOLOSKY LLP vs. TRILLER FIGHT CLUB LLC ET AL          Page 4 of 4
Motion No.  002

4 of 4

[* 4]